UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH,

Plaintiff,

v.

JEREMY JOHNSON, et al.,

Defendants.

No. 2:26-cv-02649-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this action, and accordingly the matter was referred to the undersigned pursuant to Local Rule 302(c)(21). Before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP") (ECF No. 2), which the Court will deny as it fails to provide adequate information. The Court has also screened the complaint pursuant to its screening function under 28 U.S.C. § 1915(e). For the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

**I. Motion to Proceed In Forma Pauperis**

The motion makes an insufficient showing to proceed IFP. The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted). Plaintiff has refused to answer nearly every question on the AO 240 standard

IFP form. Plaintiff has crossed out and written "N/A" across all questions concerning income. ECF No. 2 at 1. Plaintiff has similarly written "N/A" in response to all questions concerning his assets and monthly expenses. Plaintiff also writes on the form that he is disabled and unemployed. If Plaintiff intends his "N/A" response to indicate that his income is zero and that he has no assets, then he shall clearly so state. It may be that Plaintiff qualifies to proceed IFP, but that cannot be determined from the little information provided. Plaintiff's motion will therefore be denied. However, Plaintiff may, if he chooses, file a renewed motion to proceed IFP. If he does so, Plaintiff shall take care to fully complete the form, including listing of any income from all sources, monthly expenses, and assets.

## II. Screening

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*

*denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. <u>The Complaint</u>

Plaintiff's complaint names three Defendants – an individual, a clinic, and Walgreens. ECF No. 1 at 2-3. Plaintiff asserts that there is federal question jurisdiction, but does not list a federal statute or constitutional provision that forms the basis for his assertion. *Id.* at 4. Instead, Plaintiff claims that Defendants accept federal grant money without providing proper services. *Id*. Plaintiff's entire factual statement is: "Defendants refused to provide proper treatment, did not provide rehabilitation and refused to accommodate disability. They did not provide anti-biotics, thus, Plaintiff was about to die and ended up in emergencies." *Id*. at 5. Plaintiff seeks $100 million in damages. *Id.* at 6.

C. <u>Analysis</u>

The complaint fails to state a claim or to put Defendants adequately on notice of the

claims against them. The allegations are conclusory. There are no dates pled or description of the facts at issue, just the conclusions that Defendants "do not provide proper treatment" and refused to accommodate. There are no clearly delineated claims or causes of action. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss the case at any time" if it determines that the action is "frivolous or malicious" or fails to state a claim on which relief may be granted. As discussed above, the Court has determined that Plaintiff has failed to state a federal claim. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Given the brevity and vagueness of the allegations, the Court cannot find at this time that leave to amend would be futile. The Court will allow leave to amend.

**III. Amending the Complaint**

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The amended complaint shall be captioned "first amended complaint". The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is

being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff must clearly allege a jurisdictional basis for his claims. Plaintiff must set forth clearly delineated claims or causes of action. Plaintiff must allege sufficient factual content in support of his claims to state a claim to relief that is plausible on its face. Plaintiff should endeavor to provide specifics as to the who, what, where, when, and why of his allegations.

IV. **Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED.
2. Plaintiff may file a renewed motion to proceed IFP that addresses the issues set forth herein **within 21 days of the date of this Order**, and that fully answers the questions on the AO 240 form.
3. Alternatively, if Plaintiff does not wish to file a renewed motion for IFP, Plaintiff may pay the filing fee.
4. If Plaintiff does not file a renewed motion or pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice.
5. If Plaintiff does file a renewed motion or pay the filing fee, Plaintiff shall also file an amended complaint **within 30 days of the date of this Order**.

6. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

DATED: August 13, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE