UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH,<br>Plaintiff,<br>v.<br>JEREMY JOHNSON, et al.,<br>Defendants. | No. 2:26–cv–02649–TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court now recommends that this action be dismissed due to Plaintiff's failure to file a renewed motion to proceed in forma pauperis ("IFP") or to pay the filing fee, and failure to comply with the Court's order.

**I. Background and Procedural History**

Plaintiff filed his complaint and a motion to proceed IFP on July 31, 2026. ECF Nos. 1 & 2. The complaint made unclear allegations concerning the provision of medical treatment. ECF No. 1 at 5. On August 14, 2026, the Court issued an order which detailed deficiencies with Plaintiff's motion to proceed IFP. ECF No. 3. The Court informed Plaintiff that an IFP determination could not be made based on the limited information provided. ECF No. 3 at 2. The Court denied the motion and directed Plaintiff to either file a renewed motion to proceed IFP

////

or pay the filing fee within 21 days. Thus, Plaintiff's deadline for compliance was September 4, 2026.

The Court cautioned: "If Plaintiff does not file a renewed motion or pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice." ECF No. 3 at 5. Plaintiff has not filed a renewed motion or paid the filing fee.

The Court's order also screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and found that it failed to state a claim. *Id.* at 3-4. Plaintiff was instructed that if he paid the filing fee, or filed a renewed motion to proceed IFP, he must also then file an amended complaint that addresses the deficiencies set forth in the screening order. The Court allowed Plaintiff 30 days to do so, and thus an amended complaint was due by September 14, 2026. *Id*. at 5.

**II. Analysis**

Plaintiff has failed to comply with the Court's order. Plaintiff was to file either a renewed motion for IFP, or pay the filing fee within 21 days. Plaintiff did neither. Plaintiff's motion to proceed IFP was denied, and he has not filed a renewed motion or paid the filing fee. Accordingly, as Plaintiff has not paid the filing fee or been granted leave to proceed IFP, Plaintiff's action may not proceed. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

**III. Conclusion**

Plaintiff's action must be dismissed because he has not paid the filing fee or been granted leave to proceed in forma pauperis. Further, he has failed to comply with the Court's order. *See* Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice; and
2. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE